(11 Misc. Rep. 360.)

## GOODMAN v. MYERS.

(Common Pleas of New York City and County, General Term. February 4, 1895.)

WITNESSES—CREDIBILITY.

> In an action against a marshal for seizure of goods under execution against plaintiff's vendor, a witness, who testified that he saw the execution debtor in possession of the goods as apparent owner after the alleged transfer, may be asked, for the purpose of showing a pecuniary interest in the result of the action, whether he had indemnified the marshal, and if he knew that, if the marshal had to pay, he (witness) would be held responsible.

Appeal from trial term.

Action by George Goodman against Henry Myers to recover damages for the seizure by defendant, as city marshal, of the contents of a grocery store at 71 Cannon street. Defendant justified under an attachment against Fischel & Schwartz, alleging that they had a leviable interest in the goods. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

A. H. Berrick, for appellant.

Charles Steckler, for respondent.

DALY, C. J. The plaintiff, George Goodman, claimed to be the owner of a grocery business at 71 Cannon street, by virtue of a bill of sale executed to him on October 24, 1892, the day before the marshal's levy, by his brother, Adolph Goodman. Adolph Goodman claimed to have a bill of sale from Fischel, one of the debtors in the attachment, executed on October 22, 1892. The bona fides of these conveyances was the issue tried in the action, and the jury found by their verdict that they were executed in good faith, and for a valuable consideration. It is contended by appellant that the verdict was against the evidence; that the sales were presumptively fraudulent, because the vendor, Fischel, remained in possession after his conveyance, and that there was no evidence to rebut the presumption; and that evidence was improperly admitted to affect the credibility of defendant's witness Kulla. The case as made out by plaintiff was this: Fischel, in August, 1892, borrowed $300 from his broth--

er-in-law, Adolph Goodman; to buy this grocery, and gave his note for it. When the note was due, on October 22, 1892, Goodman demanded payment, and Fischel offered to give him the store upon surrender of the note and the payment of $25 additional; whereupon a bill of sale was executed. Adolph Goodman immediately sought a purchaser for the business, and found one in his brother, the plaintiff, who was brought to him two days after by a broker, and to whom he sold for $350. The peculiar circumstance of his making a sale to his own brother through a broker, and the other circumstances of the case, are the subject of criticism by the plaintiff, but the jury considered the explanation and statements given by the witnesses, the two brothers, the broker, and others, and, if they believed that the witnesses were truthful, they were entirely justified in finding that Adolph Goodman took his property in good faith, in payment of his debt, and that George Goodman, the plaintiff, bought it in good faith, for cash. The verdict of a jury, upon such a state of facts as here disclosed, could not be disturbed by us, in any reasonable view of our duty to review evidence upon the motion for a new trial.

The fact that Fischel, the judgment debtor, remained upon the premises after the sale by him, cannot be disputed. Whether he remained in the store, or merely occupied by permission of his vendee the dwelling apartments in the rear, was perhaps a question on the evidence. Defendant's witnesses swore that he was in the store, and negotiated for the sale of it, after his alleged sale to Goodman. Upon the facts the court would have been justified in instructing the jury that there was no actual and continued change of possession, and that the sale was therefore presumptively fraudulent. Defendant claims that upon the evidence as to Fischel's possession he was entitled to a dismissal of the complaint, and such was his motion at the close of the plaintiff's case. The motion was properly denied, because the plaintiff had furnished evidence from which the jury might find that the sale by Fischel was made in good faith, and without any intent to defraud his creditors. 2 Rev. St. 136. Adolph Goodman explained that he permitted Fischel and his family to live in their apartments back of the store until they got another place. The sale was made on Saturday, with the privilege to remain over Sunday, "or until Tuesday or Wednesday, or until he got another place." One of defendant's witnesses,—Kulla,—who was called to testify that he saw Fischel behind the counter, selling, as usual, on Sunday and Monday, when he went to collect a bill due him, was asked on cross-examination whether he had indemnified the marshal in this case, and if he knew that if the marshal had to pay he would be held responsible, to which he made an affirmative answer. Exception was taken by plaintiff to the allowance of these questions, but the ruling of the court was correct. The testimony went to a most important circumstance affecting the validity of plaintiff's ownership, and the latter was entitled to show that the witness had a pecuniary interest in the result of the action, which ought to be considered by the jury in weighing his testimony. The judgment and order should be affirmed, with costs. All concur.